E-FILED
Friday, 12 November, 2004  11:28:55 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 04-40102 |
| ) | |
| v. ) | VIO: Title 18, United States Code, |
| ) | Sections 666 and 1001 |
| PAMELA SUE LEICHTY, ) | |
| ) | |
| Defendant. ) | |

### INFORMATION

**FILED**
NOV 1 2 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**THE UNITED STATES ATTORNEY CHARGES:**

### BACKGROUND

1. At all times material to this Information:

   a)  The Quad City Garage Policy Group was an entity established pursuant to an intergovernmental agreement that maintained and serviced the municipal bus fleets for Rock Island County, Illinois and the City of Davenport, Iowa.

   b)  The bus system for Rock Island County operated under the name "Rock Island Metropolitan Mass Transit District" (MetroLINK), and the system for Davenport operated under the name "Davenport Citibus" (Citibus).

   c)  MetroLINK received approximately 50 percent of its funding through Illinois Department of Transportation (IDOT) grants (which consisted of Federal Transit Administration grant funds passed through to IDOT), 20 percent through U.S. Department of Transportation (DOT) grants, 20 percent from property taxes, and 20 percent from revenue received from bus fares.

   d)  Davenport Citibus received approximately 69 percent of its funding

through DOT grants, 10 percent from the State of Iowa, 9 percent from local tax revenue, 9 percent from revenue received from bus fares, and 3 percent from other sources.

  e)  Proceeds from DOT grants received by MetroLINK and Citibus on an annual basis were authorized to be used for capital expenditures, planning, fleet preventative maintenance, fleet repair costs, and other legitimate needs.

  f)  Funds received by MetroLINK and Citibus were maintained by the Quad City Garage Policy Group in one account with a Quad Cities bank.

  g)  The Quad City Garage Policy Group was governed by a board comprised of three trustees of the MetroLINK Board of Trustees and three Davenport City Aldermen. Both the chairman and treasurer of the board had signature authority to issue checks on the Quad City Garage Policy Group's bank account.

  h)  The Quad City Transit Facility, 2929 5th Avenue, Rock Island, Illinois, served to maintain and repair both MetroLINK and Citibus vehicles. It also served as the main office for the Quad City Garage Policy Group.

  i)  The defendant, Pamela Sue Leichty, was employed by the Quad City Garage Policy Group as a Senior Financial Specialist. The defendant worked at the Quad City Transit Facility.

  j)  Each month, the defendant prepared a financial statement purporting to reflect the funds expended by the Quad City Garage Policy Group through checks drawn upon its checking account.

  k)  Funds drawn upon the Quad City Garage Policy Group checking account were authorized to be used to pay a variety of legitimate expenditures, to include diesel fuel,

motor oil, grease, bus engine and auto body repair costs, utilities (gas and electric), Illinois and Iowa state taxes, and payroll. The treasurer of the Quad City Garage Policy Group Board reviewed, approved, and signed the monthly financial statements prepared by the defendant.

l) The defendant personally received the mail sent to the Quad City Garage Policy Group, including monthly bank statements and cancelled checks from its checking account. The defendant was responsible for reconciling bank account statements and filing canceled checks that were mailed from the bank to the Quad City Garage Policy Group.

m) The defendant used the Quad City Garage Policy Group accounting computer software to issue check vouchers for payments purportedly made to vendors for parts and other goods and services purchased in connection with bus maintenance and repairs.

n) The defendant had access to, and at times used without further review or approval, the two signature stamps required in order to issue and validate Quad City Garage Policy Group checks.

## COUNT 1
## (EMBEZZLING PUBLIC FUNDS)

2. The United States Attorney re-alleges and incorporates by reference Paragraph 1 of this Information (entitled "Background") as though fully set forth herein.

3. From at least March 2001, and continuing through at least November, 2003, at Rock Island, in Rock Island County, in the Central District of Illinois, and elsewhere, the defendant,

**PAMELA SUE LEICHTY,**

being an agent and employee of the Quad City Garage Policy Group of Rock Island County, Illinois and Davenport, Iowa, local governments which annually received benefits in excess of

$10,000 under Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other forms of Federal assistance, did embezzle, steal, and otherwise without authority knowingly convert to the use of any person other than the rightful owner, that is, to her own use, property valued at $5,000 or more, that is, approximately $782,639.92, which funds were owned by and were in the care, custody, and control of the Quad City Garage Policy Group, all in violation of Title 18, United States Code, Section 666.

### COUNT TWO
### (FALSE STATEMENTS)

4. The United States Attorney re-alleges and incorporates by reference Paragraph 1 of this Information (entitled "Background") as though fully set forth herein.

5. On or about June 18, 2003, at Rock Island, in Rock Island County, in the Central District of Illinois, and elsewhere, the defendant,

**PAMELA SUE LEICHTY,**

in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the U.S. Department of Transportation, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation, and further did make and use a false writing and document knowing the same to contain materially false, fictitious, and fraudulent statements, namely, a fraudulent letter generated by the defendant and delivered to an accounting firm which falsely reflected that the general-purpose financial statements presented during an audit of the Quad City Garage Policy Group were accurate and included all required financial records and related data, when the defendant then and there well knew that the general-purpose financial statements did not include all such financial records, and failed to include data

that would have disclosed improprieties in the issuance of checks drawn upon the account of the Quad City Garage Policy Group, all in violation of Title 18, United States Code, Section 1001.

JAN PAUL MILLER
UNITED STATES ATTORNEY

BY: S/Sara Darrow
SARA DARROW
Assistant U.S. Attorney
1830 2nd Avenue, Third Floor
Rock Island, Illinois 61201
Tel: (309) 793-5884