E-FILED
Tuesday, 21 December, 2004  04:28:59 PM
Clerk, U.S. District Court, ILCD

FILED
DEC 21 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-40102 |
| | ) |
| PAMELA SUE LEICHTY, | ) |
| | ) |
| Defendant. | ) |

### COOPERATION PLEA AGREEMENT AND STIPULATION OF FACTS

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Sara Darrow, Assistant United States Attorney, and the defendant, Pamela Sue Leichty, personally and by the defendant's attorney, Kevin Halligan, hereby enter into this plea agreement.

1. This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, agreements between the parties, including plea agreements. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

2. This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3. This agreement is made pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure. Therefore if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw her plea of guilty.

## CHARGES, ELEMENTS, AND PENALTIES

4. The defendant shall appear in open court at Peoria in the Central District of Illinois, waive grand jury indictment pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, and plead guilty to Counts One and Two of the Information. Count One of the Information charges the defendant with embezzlement concerning a federally funded program in violation of Title 18, United States Code, Section 666(a)(1)(A). Count Two of the Information charges the defendant with making false statements in violation of Title 18, United States Code, Section 1001.

5. The defendant has read the charges to which the defendant is pleading guilty, and the charges have been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crimes to which the defendant is pleading guilty. To sustain the charges contained in Counts One and Two of the Information, the United States must prove the following propositions beyond a reasonable doubt:

## COUNT ONE
## EMBEZZLEMENT CONCERNING A FEDERALLY FUNDED PROGRAM
## 18 U.S.C. § 666

> First, that the defendant was an agent of an agency of local government, such as the Quad City Garage Policy Group;
>
> Second, that the defendant embezzled some money;
>
> Third, that the money was owned by, or was under the care, custody or control of the agency;

- 2 -

Fourth, that the money had a value of $5,000 or more; and

Fifth, that the agency, in a one year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

## COUNT TWO
## FALSE STATEMENTS
## 18 U.S.C. § 1001

First, that the defendant made a false, fictitious, or fraudulent statement or representation;

Second, that the statement or representation was material;

Third, that the statement or representation was made knowingly and willfully; and,

Fourth, that the statement or representation was made in a matter within the jurisdiction of the executive branch of the government of the United States.

6. The defendant understands and agrees that the offenses to which she shall plead guilty carry the following potential penalties:

### POTENTIAL PENALTIES - COUNT ONE

- a maximum of ten (10) years in prison;

- a maximum fine of $250,000;

- a maximum of three (3) years of supervised release; and

- a $100 mandatory special assessment.

### POTENTIAL PENALTIES - COUNT TWO

- a maximum of five (5) years in prison;

- a maximum fine of $250,000;

- a maximum of one (1) year of supervised release; and

- a $100 mandatory special assessment.

7. The defendant understands that the sentence on each count to which she is pleading guilty may be ordered to be served consecutively (in addition to each other). Consequently, the <u>maximum possible sentence</u> which could be imposed on the combined counts is:

- a maximum of fifteen (15) years in prison;
- a maximum fine of $500,000;
- a maximum of three (3) years of supervised release; and
- a $200 mandatory special assessment.

8. The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

9. The defendant understands and agrees that the Court may be required to order the defendant to pay restitution. The parties to this agreement have not reached a determination on the issue of restitution. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## STATUTORY AND GUIDELINE WAIVERS

### Sentencing Waiver

10. The defendant understands that she may have a right to require the United States to prove to a jury beyond a reasonable doubt certain sentencing factors, adjustments and departures under the United States Sentencing Guidelines. The defendant expressly waives any right she may have to a jury determination of any sentencing factors, adjustments and departures, upward or downward, under the Sentencing Guidelines. The defendant hereby consents to the District

Court determining each and every sentencing factor, adjustment and departure, upward or downward, under the Sentencing Guidelines at her sentencing hearing. Furthermore, the defendant hereby agrees and stipulates that the District Court shall use the "preponderance of the evidence" standard for determining each and every sentencing factor under the Sentencing Guidelines at her sentencing hearing.

## Waiver of Right of Appeal from Conviction and Sentence

11. The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

## Waiver of Right to Collateral Attack

12. The defendant also understands that she has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that she received ineffective assistance from her attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence were otherwise subject to collateral attack. The defendant understands such an attack is usually brought through

a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands her rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives her right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives her right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include her right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

## DEPARTURES

13. The defendant understands that there is no agreement as to the defendant's criminal history or criminal history category, and that the defendant's criminal history could alter the defendant's offense level if, for example, the defendant is a career offender or if the instant offense was a part of a pattern of criminal conduct from which the defendant derived a substantial portion of the defendant's income. Since the defendant's criminal history cannot be determined prior to the completion of the presentence investigation, the United States and the

defendant reserve the right to argue at sentencing for, or oppose, an upward or downward departure for over-representation or under-representation of criminal history pursuant to United States Sentencing Guideline Section 4A1.3.

14. The defendant and the defendant's attorney acknowledge that they have reviewed, and the defendant understands, the possible application of United States Sentencing Guidelines Section 5H1.0 through Section 5H1.12, Section 5K2.0 through Section 5K2.21, and other grounds for downward departure from the applicable Sentencing Guideline range. The defendant acknowledges that she has fully discussed any potential basis for downward departure with the defendant's attorney. The defendant agrees that no other departures will be raised by the defendant at sentencing other than the specific departures mentioned in this agreement, except the defendant may raise any departure based upon facts that occur after the date the plea agreement is signed by the defendant.

## DEFENDANT'S OBLIGATIONS

### Cooperation

15. As a condition of this entire plea agreement, the defendant will cooperate fully with law enforcement officials in the investigation and prosecution of other individuals involved in theft crimes and related matters, in accordance with the following terms:

a. The defendant agrees, as a condition to this entire plea agreement, that she will cooperate fully with law enforcement officials concerning their investigation of other persons involved in theft crimes and other offenses. The defendant specifically agrees that she will provide complete and truthful testimony to any federal grand jury, petit jury, or court before which she is called to testify.

b.  The United States agrees that if the defendant complies with all of the terms of the plea agreement, it will not use the statements and testimony of the defendant, either directly or indirectly, to bring additional criminal charges against the defendant.

c.  The defendant acknowledges and fully understands that if she should fail to give complete and truthful information and testimony when required by the United States Attorney, then this plea agreement shall be null and void.  The defendant acknowledges and fully understands that in such event the United States may institute criminal charges and seek full punishment against the defendant for all offenses known to the government, including but not limited to the charges set forth in the Information, and the government may use the statements and testimony of the defendant given pursuant to this agreement to support the charges.

d.  The defendant specifically acknowledges and understands that she is subject to prosecution and full punishment for the offense of perjury should she give false testimony to any grand jury, petit jury, in any forfeiture proceeding, or in any court hearing, and any statement and testimony made by the defendant may be used in such a prosecution.

e.  Pursuant to Section 1B1.8 of the United States Sentencing Guidelines and Policy Statements, the United States Attorney for the Central District of Illinois agrees that any self-incriminating information provided by the defendant pursuant to her cooperation will not be used against her to determine the guideline range.  This agreement shall not restrict the use of such information (1) known to the government prior to entering into this cooperation agreement; (2) in a prosecution for perjury or giving a false statement; or (3) in the event there is a breach of the cooperation agreement.  This agreement also does not prevent the United States Attorney from using information received from any entirely independent source, meaning a source not

developed through either direct or indirect use of the defendant's cooperation. While self-incriminating information provided under this agreement may not be used to determine the guideline range, it may be used (1) to determine whether and to what extent the court will depart pursuant to a motion brought under Title 18, United States Code, Section 3553(e), Section 5K1.1 of the Sentencing Guidelines, or Rule 35 of the Federal Rules of Criminal Procedure; and (2) to determine security and custody levels at the Bureau of Prisons. The United States Attorney will fully apprise the Court and the United States Probation Office of the nature, extent, and value of the defendant's cooperation, and will provide to the Probation Office all reports of the defendant's statements made pursuant to this agreement. Accordingly, although self-incriminating information obtained from the defendant pursuant to her cooperation may not be used to calculate her guideline range, it may be included as background information in the defendant's presentence report.

16. The defendant and her attorney acknowledge that they have reviewed, and the defendant understands, the possible application of United States Sentencing Guidelines Section 5K1.1. They further acknowledge, consistent with Application Note 3 to that Section, that the United States is in the best position to assess the value of the defendant's cooperation to the United States and its law enforcement efforts. In return for receiving the opportunity to cooperate with the government and for the opportunity to be considered by the government for a motion and recommendation for a downward departure pursuant to Section 5K1.1, the defendant and her attorney agree to limit any argument regarding the extent of a downward departure for substantial assistance to the government to only those grounds specifically set forth in Section 5K1.1.

**Special Assessment**

17. The defendant further understands and agrees to pay the mandatory $200 Special Assessment for the two counts of the Information to which the defendant is entering a plea of guilty, as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that she will be required to do so as a condition of this plea agreement. The failure to comply with this requirement, however, will not constitute grounds for the defendant to withdraw any plea of guilty.

## THE UNITED STATES ATTORNEY'S OBLIGATIONS

18. The United States Attorney for the Central District of Illinois agrees to bring no additional criminal charges in the Central District of Illinois against the defendant relating to or arising from the offenses charged in this Information, except for any crime of violence and any crime unknown to the United States Attorney for the Central District of Illinois prior to the time this plea agreement is signed by the parties.

## DEFENDANT'S ASSISTANCE TO LAW ENFORCEMENT

19. The United States agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

20. The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to United States Sentencing Guidelines Section 5K1.1 of the Sentencing Guidelines and from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e) if the defendant provides substantial assistance in the investigation or prosecution of other criminal

offenses. The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including the defendant's truthfulness.

## AGREEMENTS AS TO SENTENCING GUIDELINES

21. The defendant agrees and understands that the Court is required to consider all applicable provisions of the Sentencing Guidelines in determining the defendant's sentence and that the Court may, in some circumstances, depart upward or downward from the Sentencing Guideline range.

22. Based on the information currently available, the defendant and the United States agree on the following points regarding the application of the Sentencing Guidelines to the offense to which the defendant is pleading guilty:

a. The parties agree, based upon facts currently known by the United States, that the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate. Acceptance of personal responsibility shall include, but is not limited to, cooperating fully with the United States Probation Office in the preparation of a presentence report. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility for the defendant's criminal conduct.

b. The parties also agree that the defendant qualifies for an additional one level reduction in the defendant's offense level pursuant to United States Sentencing Guidelines Section

- 11 -

3E1.1(b)(2) because the defendant timely notified the United States Attorney's Office of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid trial preparation and permitting the Court to allocate its resources efficiently.

23. The defendant and the United States agree that other agreements regarding Sentencing Guidelines determinations are not binding on the Court, and relate only to the positions the parties take regarding the applicable sentencing guideline range based upon the information of which they are currently aware. The Court will remain free to make its own independent determination of the applicable guideline range and to impose whatever sentence it deems appropriate.

24. The defendant agrees that at the time of sentencing the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum, subject to the limitations of the United States Sentencing Guidelines. The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the calculation of the Sentencing Guidelines, or to the Court's sentencing findings or rulings or because the defendant receives a sentence higher than that recommended under the plea agreement.

## **FACTUAL BASIS**

25. The defendant will plead guilty because the defendant is in fact guilty of the charges contained in Counts One and Two of the Information. In pleading guilty to those charges, the defendant stipulates to and admits to the following facts:

to herself, she would draft fictitious invoices to correspond with the modified vendor information. However, she was unable to attach a duplicate check to the fictitious invoice.

f. The defendant received the canceled checks from the Quad City Garage Policy Group bank account, which were mailed to the Quad City Garage Policy Group. She destroyed the cancelled checks made payable to herself.

g. On June 18, 2003, the defendant generated a fraudulent letter to an accounting firm which falsely reflected that the general-purpose financial statements presented during an audit of the Quad City Garage Policy Group were accurate and included all required financial records and related data. She knew at the time that the letter she generated was fraudulent.

h. The defendant agrees that from about March 2001 to about November 2003, she embezzled and converted to her own use at least $782, 639.92. The defendant further acknowledges that she knew at the time that she was embezzling these funds that they constituted public money, and that what she was doing was against the law.

## EFFECT OF VIOLATION OF AGREEMENT

26. The defendant further agrees that if the defendant violates the terms of this plea agreement, the United States has the option to declare the plea agreement null and void. In the event that the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously

- 14 -

accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights and the applicable statute of limitations should the United States seek to reinstate any charges against the defendant or seek to have the defendant resentenced.

27. It will be for the Court to determine whether or not the defendant has violated the terms of the plea agreement. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

28. The defendant understands that by pleading guilty the defendant surrenders the following rights among others:

    a. The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

    b. The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

    c. The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant

is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

      d. The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

      e. The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

29. The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained those rights to the defendant and the consequences of the waiver of those rights.

**AGREED:**

**Defendant's Attorney:**

30. I have discussed this plea agreement fully with my client, and I am satisfied that my client fully understands its contents and terms. No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other

than those stated in this written Plea Agreement. I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

Date: 12/21/04

Kevin Halligan
Attorney for Pamela Sue Leichty

**Defendant:**

31. I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

Date: 12/21/04

Pamela Sue Leichty
Defendant

**United States:**

    32.    On behalf of the United States of America, I accept and agree to this Plea Agreement.

Date: _____12/21/04_____    JAN PAUL MILLER
    UNITED STATES ATTORNEY

    S/ Sara Darrow
    _____
    Sara Darrow
    Assistant United States Attorney